UNITED STATES of America, Plaintiff–Appellee,

v.

Elly C. ENNY, a/k/a Elly Enny, Defendant–Appellant.

No. 01–50056.

D.C. No. CR–99–00698–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2002 *.

Decided March 11, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Elly Enny appeals his jury trial conviction and sentence for wire fraud and money laundering in violation of 18 U.S.C. §§ 1343 and 1957(a), stemming from a 1999 transaction in which Enny used false shipping documents to negotiate a letter of credit and obtain payment for goods which never were shipped.

■ Enny argues the verdict is not supported by the evidence. Where a defendant fails to move for acquittal, claims of insufficient evidence are reviewed for plain error. *United States v. Morgan*, 238 F.3d 1180, 1186 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 146, 151 L.Ed.2d 97 (2001). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Crawford*, 239 F.3d 1086, 1092 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 393, 151 L.Ed.2d 298 (2001). The jury heard evidence that in 1997 Enny had engaged in a nearly identical transaction with his co-defendant; there, he presented false shipping documents to a bank to obtain payment for goods which never were shipped. Enny's own banking expert testified that the absence of an advising bank in the transaction and Enny's uncommon wire transfer instructions constituted unusual procedures for negotiating a letter of credit. Enny also attempted to collect the funds even after the bank notified him that the shipping documents were false. "It is axiomatic that intent can be inferred from conduct." *United States v. Laykin*, 886 F.2d 1534, 1540 (9th Cir.1989) (citation omitted). The government presented enough evidence from which a reasonable jury could conclude that Enny had the specific intent to defraud.

■ Enny alleges that the prosecutor committed prosecutorial misconduct when he noted in rebuttal Enny's counsel's failure to call witnesses to support Enny's defense. When there is no objection to the prosecutor's comments at trial, review is for plain error. *See United States v. Tam*, 240 F.3d 797, 801 (9th Cir.2001); *United States v. Cooper*, 173 F.3d 1192, 1203 (9th Cir.1999). "A prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof, and is therefore permissible, so long as the prosecutor does not violate the defendant's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

Fifth Amendment rights by commenting on the defendant's failure to testify." *United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir.2000). "There is a distinction between a comment on the defense's failure to present exculpatory evidence as opposed to a comment on the defendant's failure to testify." *United States v. Mende,* 43 F.3d 1298, 1301 (9th Cir.1995). There is no error here.

■ Enny contends that the district court improperly precluded his counsel from arguing that it was reasonable to infer that Enny became involved in the 1999 transaction only because it was initiated by Mauritzio Aragossa as opposed to his co-defendant, Giulio Linari. The district court's decision to allow a jury to consider comments made in closing argument to which one party objects is reviewed for an abuse of discretion. *See Tam,* 240 F.3d at 801; *Cooper,* 173 F.3d at 1203. The district court did not abuse its discretion in barring the argument, which was based on speculation and was unsupported by any evidence.

Enny argues that he received ineffective assistance of counsel because his counsel did not object to improper statements in the prosecutor's closing argument, did not request a "missing witness" instruction and did not move for acquittal at the close of the government's case. Ineffective assistance of counsel claims ordinarily are brought in collateral habeas proceedings because the appellate record often lacks "a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000) (internal quotations omitted), *cert. denied,* 531 U.S. 1095, 121 S.Ct. 821, 148 L.Ed.2d 705 (2001). The record in this case is not sufficiently developed to permit direct review of this claim.

■ Finally, Enny urges he was entitled to a sentence reduction pursuant to United States Sentencing Guidelines § 3B1.2 for playing a mitigating role in the transaction. The district court's factual findings in the sentencing phase are reviewed for clear error. *See, e.g., United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir. 2000), *cert. denied,* 531 U.S. 1172, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001). "[T]his court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.), *cert. denied,* 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000). Enny was a vital link in the transaction and without him it could not have occurred. The district court did not err in denying the sentence reduction.

AFFIRMED.

